FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2007 NOV -9 AM 11: 22
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| RYAN M. VERCH, ) | CASE NO. CR407-168 |
| ) | |
| Defendant. ) | |

## O R D E R

Before the Court is Defendant Ryan M. Verch's Motion to Dismiss the Indictment. (Doc. 23.) After careful consideration and for the following reasons, Defendant's Motion is **DENIED**.

### BACKGROUND

Defendant has been charged with four federal offenses involving the sexual abuse of a minor in connection with the production and distribution of child pornography. At the time of the alleged criminal activity, Defendant was an active servicemember in the United States Army and was stationed at Fort Stewart, Georgia. The United States Army Criminal Investigative Division arrested Defendant on October 19, 2006. After he was advised of his rights, Defendant made two signed statements to the Army Criminal Investigative Division admitting to downloading child pornography, taking and sending pornographic pictures of

his daughter, and performing indecent acts with a child. He also consented to a search of his computer and related files.

On November 17, 2006, court-martial charges were preferred against the Defendant under the Uniform Code of Military Justice. Defendant waived his right to an Article 32 investigation, and his General Court-Martial was scheduled for March 2007. His military defense attorney engaged in plea negotiations with the military prosecution, but no plea agreement was reached.

In exchange for the Government dismissing the General Court-Martial charges, Defendant voluntarily waived his right to an administrative separation board. On March 14, 2007, the General Court-Martial charges were dismissed without prejudice. A month later, Defendant was administratively separated from military service under less than honorable conditions.

## ANALYSIS

### I. Due Process and Fundamental Fairness

Defendant argues that the Indictment should be dismissed and the case returned to military jurisdiction. He contends, first, that dismissal is required by due process and fundamental fairness. His argument on this point is two-fold.

A. **Memorandum of Understanding**

First, Defendant claims that a Memorandum of Understanding between the Departments of Justice and Defense ("MOU") requires military authorities to prosecute cases which have been investigated by the Army Criminal Investigative Division and in which prosecution has been initiated by the military. In response, the Government contends that the MOU is merely a document of administrative convenience and that there is nothing requiring a "valid reason" for the transfer of a case from the court-martial system to the federal system. The Court agrees.

No matter what guidance the MOU may give to the military and federal authorities, by its terms it "is not intended to confer any rights, benefits, privileges or form of due process procedure upon individuals . . . ." Department of Defense Direction No. 5525.7, January 22, 1985 (incorporating the Memorandum of Understanding Between the Departments of Justice and Defense Relating to the Investigation and Prosecution of Certain Crimes, at A, August 1984). As the First Circuit has explained, the guidelines in the MOU "were promulgated for administrative convenience, and defendants cannot rely on them to deprive the district court of jurisdiction." United States v.

3

Mariea, 795 F.2d 1094, 1102 n.22 (1st Cir. 1986); see also United States v. Feneziani, No. 05-CR-290E, 2007 WL 1613630, at *12 (W.D.N.Y. June 1, 2007) (rejecting a defendant's claim that his indictment should be dismissed because of authorities' failure to comply with the MOU and explaining that the document was "nothing more than a procedural agreement"). The Court therefore holds that cases such as Defendant's need not be prosecuted by military authorities.

B. <u>Improper Withdrawal and Transfer of Charges</u>

Second, Defendant argues that it was improper for the convening authority to withdraw the court-martial charges. He contends that the military authorities also "unfairly and arbitrarily" transferred the charges to the federal authorities. Rule for Court-Martial 604 provides as follows: "The convening authority or a superior competent authority may for any reason cause any charges or specifications to be withdrawn from a court-martial at any time before findings are announced." Rules for Court-Martial ("RCM") 604(a). The Discussion accompanying Rule 604(a) states that "[c]harges should not be withdrawn from a court-martial arbitrarily or unfairly to an accused."[1]

---

[1] Defendant also argues that RCM 604(b) should apply in this case. That rule provides that "[c]harges with have been

4

However, the Discussion also indicates that transfer of court-martial charges is a proper reason for withdrawing them. Discussion, RCM 604(a) ("[C]harges which are withdrawn from a court-martial should be dismissed unless it is intended to refer them anew promptly or to forward them to another authority for disposition.") The Rules for Court-Martial, then, envision a situation in which charges already preferred may be dismissed and forwarded to another authority. Defendant's claim must therefore be denied.

## II. Government "Relinquishment" of the Right to Prosecute

Defendant next argues that the documents by which he waived his right to an administrative separation board "clearly" show that he did so in exchange for dismissal of the court-martial charges. He contends that the Government has therefore relinquished its right to prosecute him. However, the Court finds no such evidence of an agreement, either in that document or elsewhere in the record. Defendant states that "[t]he only reason a servicemember would agree to such an arrangement is if he believed that the case was not going to be re-brought by the military or federal authorities." This statement does not support

---

withdrawn from a court-martial may be referred to another court-martial unless the withdrawal was for an improper purpose." RCM 604(b). Because that rule, by its terms, applies to charges referred from one court-martial to another, it is inapplicable in this case.

5

dismissal of the indictment. Defendant's argument that his rights were violated "if such an agreement existed" is likewise unpersuasive. Defendant has failed to comply with Local Rule 12.1 for Criminal Cases, which requires support in the record or by affidavit for each factual assertion in a motion.[2] Therefore, his claim of a right to have his "bargain" with the military authorities enforced must be denied.

## III. Ineffective Assistance of Counsel

Finally, Defendant argues that the indictment should be dismissed because he received ineffective assistance of counsel in the court-martial proceedings. He argues that his military defense lawyer failed to negotiate a guilty plea and misled him as to the consequences of indictment in federal court. However, Defendant has pointed to no evidence, either in the existing record or in supporting

---

[2] Local Rule 12.1 provides as follows:

> "Every factual assertion in a motion, response, or brief shall be supported by a citation to the pertinent page in the existing record or in any affidavit, discovery material, or other evidence filed with the motion. Where allegations of fact are relied upon that are not supported by the existing record, supporting affidavits shall be submitted."

Local Rules of the Southern District of Georgia, Criminal Cases Rule 12.1.

6

affidavits, to support these claims. Because Defendant has again failed to comply with Local Rule 12.1 for Criminal Cases, his ineffective assistance of counsel claim must be denied.[3]

**CONCLUSION**

Because the Court finds no Due Process violation in the transfer of the case to the federal authorities, no evidence of any agreement between Defendant and the military authorities as to his waiver of an administrative separation board, and no evidence of ineffective assistance of counsel, Defendant's Motion to Dismiss the Indictment is **DENIED**.

SO ORDERED this 9th day of November, 2007.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] The Court notes that even if Defendant had produced evidence or an affidavit detailing communications between him and his military defense lawyer, it is unlikely that a military lawyer's failure to reach a plea agreement or intimately understand the federal sentencing guidelines would be grounds for dismissal in this Court.